53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Alaniz GONZALEZ, Defendant-Appellant.
 No. 94-10156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1995.
Decided April 20, 1995.
 
 1
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The defendant appeals his conviction on the grounds that the district court improperly denied his motion for a continuance when the Government added a count to a superseding indictment two weeks before trial. The defendant also appeals the court's denial of his motion for a mistrial after a witness provided testimony that had not been disclosed to the defense pursuant to the Rules of Evidence. We affirm.
 
 
 4
 In May, 1994, the defendant was indicted on charges of making false statements during the acquisition of a firearm, 18 U.S.C. Sec. 922(a)(6), and being a felon in possession of a firearm. 18 U.S.C. Sec. 922(g)(1). The Government charged that the defendant had purchased a rifle after having been previously convicted of a felony and denying this fact during the purchase of the weapon. On September 1, 1993 -- two weeks before trial -- a superseding indictment was filed against the defendant. The new indictment added a third count alleging that the defendant received a firearm with intent to commit a felony. 18 U.S.C. Sec. 924(b). The Government charged that the defendant purchased the gun intending to use it to kill an acquaintance and then went on a shooting spree that left one person wounded and another dead.
 
 
 5
 Defense counsel requested a continuance to prepare for the third count. After hearing from both sides, the district court denied the motion and, after trial, the defendant was convicted of all three counts and sentenced to 327 months.
 
 
 6
 * A district court's denial of a request for a continuance is reviewed for abuse of discretion. United States v. Robertson, 15 F.3d 862, 873 (9th Cir. 1994). A denial of a continuance will not be reversed unless the defendant shows actual prejudice to his defense resulting from the denial. See id.; United States v. Tham, 960 F.2d 1391, 1396 (9th Cir. 1991); United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir. 1989).
 
 
 7
 The defendant appears to believe that our decision in United States v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir. 1991), removes the requirement of showing resulting prejudice. In that case, we stated that the Speedy Trial Act requires a court to consider "whether failure to grant the motion [for continuance] '... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."' Id. at 1383 (quoting 18 U.S.C. Sec. 3161(h)(8)(B)(iv)). We then considered whether three days was reasonable time to prepare a defense to the new charges in the superseded indictment. Concluding that it was not, we held that "[t]he denial of a continuance prejudiced [the defendant] by depriving her of an opportunity to prepare to respond to the new allegations." Id.
 
 
 8
 The defendant reads this case as requiring only a showing of inadequate time to prepare and absolving him of the obligation to show that his case was actually prejudiced by the brevity of the preparation time. While the opinion in Torres-Rodriguez does not discuss prejudice in detail, when read in context with our other cases, it is clear that the long-standing requirement that resulting prejudice must be demonstrated was not overruled by Torres-Rodriguez. The resulting prejudice requirement was imposed in cases preceding Torres-Rodriguez. See United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir. 1989); United States v. Lane, 765 F.2d 1376, 1379 (9th Cir. 1985). It has also been applied subsequent to Torres-Rodriguez. See United States v. Robertson, 15 F.3d at 873. The discussion of resulting prejudice in Torres-Rodriguez may have been glossed over simply because the court felt that it would be obvious that actual prejudice resulted when the defendant was given only three days to prepare for a significantly expanded trial. Such is not the case here, where the defendant had two weeks to prepare to meet the superseding indictment -- half the time he would have been permitted under the Speedy Trial Act had the count been included in the first indictment. 18 U.S.C. Sec. 3161(c)(2). We conclude, therefore, that the defendant must show that he was actually prejudiced by the short preparation time.
 
 
 9
 The defendant presents evidence to show that the preparation time was too short.[1] In other words, he shows that denial of the continuance posed a danger of creating prejudice. However, he fails to show that any prejudice actually resulted. At the hearing, defense counsel represented to the court that "there are probably two or three hundred documents or pieces of discovery that will now be used or needs to be reviewed which was not reviewed because of the initial two-count indictment." E.R. at 20. He further stated that "[t]here's at least 200 pages of testimony from a preliminary hearing, from depositions. Because they were irrelevant, they weren't reviewed." Id. at 24. This is not a showing of prejudice resulting from the denial of the continuance. Nor do the defendant's briefs on appeal adequately demonstrate that any prejudice actually resulted from the denial. See Appellant's Opening Brief at 6; Appellant's Reply Brief at 4. The defendant has not shown, for instance, that there were any particular witnesses he did not get a chance to interview or that had he been able to conduct additional interviews he would have been able to conduct a more successful cross-examination. He does not point to any important pieces of discovery that were overlooked in the rush to prepare for trial. He does not identify any alibi witnesses who could have been found and presented at trial if there had been more time.
 
 
 10
 Nor may we infer from the circumstances that actual prejudice must have resulted. The defendant had been in possession of all the relevant discovery for more than a month. E.R. at 23. He had apparently been informed that a superseding indictment was going to be filed in advance of its actual filing. Id. at 19, 20. While the added count did significantly expand the scope of the trial, there is no a priori reason to think that a preparation time of two weeks was so inadequate that it must necessarily have resulted in actual prejudice to the defendant's case.
 
 
 11
 Because the defendant has not shown prejudice, we will not reverse the district court's denial of his motion for a continuance.
 
 II
 
 12
 The motion for a mistrial was precipitated by the following exchange between the prosecution and one of its witnesses:
 
 
 13
 Q: Did there come a time when he [the defendant] wasn't welcome at your camp?
 
 
 14
 A: Yes, there was.
 
 
 15
 Q: Okay. Roughly when was that, without telling us why?
 
 
 16
 A: Well, he ran at me with a hatchet, so that kind of blew it.
 
 
 17
 E.R. at 46 (emphasis added).
 
 
 18
 The defense argues that the remarks about the alleged hatchet attack were "bad acts" evidence under Rule 404(b) of the Rules of Evidence and, therefore, the prosecution was required to provide advanced notice that it was going to be introduced. This argument is meritless. The witness clearly volunteered this evidence against the wishes of the prosecution, even though the question specifically indicated that the witness was not to say why the defendant became unwelcome. Rule 404(b) does not require the Government to give advance notice of unsolicited and unforeseeable testimony.
 
 
 19
 The Government rightly argues that the proper analysis, then, is not whether the prosecution violated Rule 404(b), but whether "it appears more probable than not that the misconduct in question materially affected the jury's verdict." United States v. Nadler, 698 F.2d 995, 1001 (9th Cir. 1983). The defendant makes no attempt to meet this standard and is it clear that he cannot.
 
 
 20
 The defendant's conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Government vigorously disputes this. Because the defendant fails to show prejudice, we need not address whether the two weeks preparation time was in fact adequate under the circumstances